D. H. BALDWIN & CO. *v.* FIRST NATIONAL BANK OF RIPLEY,
OHIO, ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—822.]

**Title of Personal Property by Purchase and Delivery.**
    While in some instances the title to personal property may pass
as between the parties without delivery of possession when so in-
tended by such parties, such a transfer of title will not affect an
innocent purchaser for value.  The first purchaser by leaving the
possession with the vendor enables him to perpetuate fraud by
making a second sale and where the second purchaser obtains pos-
session without any notice of the prior claim he will be protected.

APPEAL FROM FLEMING CIRCUIT COURT.

May 12, 1882.

OPINION BY JUDGE HINES:

Appellants purchased of Chase certain unfinished pianos, designated by numbers, which Chase was to finish and ship to appellants at Cincinnati, Ohio, a place different from the place of manufacture, and for which Chase was to receive credit on his indebtedness to appellants. After the completion by Chase of one of the pianos and while it remained at the manufactory, Chase sold and delivered it to Vance who had no notice of the contract between appellants and Chase. Vance paid cash and executed his note for $400, the remainder of the purchase-price, which note was by Chase sold to and discounted by appellees without notice to them of the agreement between appellants and Chase. Appellees brought suit on the note against Vance, who answered alleging that appellants claimed to be the owners of the piano under the contract of purchase from Chase, asking that appellants be made parties and that they be compelled to litigate with the bank their claim, Vance expressing a willingness to pay the amount of the note to whom the court might adjudge. Appellants being made parties and asking that they be adjudged entitled to the amount due from Vance the court rendered judgment in favor of the appellees.

The only question we need consider is whether Vance by his purchase obtained title to the piano. If Vance obtained title so that the piano could not have been recovered from him, appellees, who were innocent purchasers of the note, are protected under the title of Vance.

In many instances the title may pass as between the parties without delivery of possession when such appears to have been the intention of the parties, but such a transfer of title will not affect an innocent purchaser for value. The first purchaser by leaving the possession with the vendor enables him to perpetuate fraud by making a second sale, and where the second purchaser obtains possession under his purchase without notice of the prior claim he will be protected. Both purchasers are equally innocent in fact and Chase being insolvent the entire loss must fall on the one or the other, and as the opportunity to make the

second sale was furnished by the act of the first purchaser in allowing the possession to remain with the vendor a court of equity will not transfer the burden of the loss to the second purchaser whose equity is strengthened by possession. This view of the case proceeds upon the assumption that as between appellants and Chase the title passed without delivery although it is doubtful if the facts justify the conclusion.

Judgment *affirmed.*

*Thos. L. Given,* for *appellants.*

*W. S. Botts, J. P. Harbeson, W. H. Cord,* for *appellees.*